IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARY PLUBELL, on behalf of herself and all others similarly situated, | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05-0831-CV-W-RED ) |
| MERCK & CO., INC., | ) ) |
| Defendant. | ) |

## NOTICE OF REMOVAL

Defendant Merck & Co., Inc. ("Merck"), through undersigned counsel, hereby removes the above-captioned action from the Circuit Court of Jackson County, Missouri at Independence to the United States District Court for the Western District of Missouri, pursuant to 28 U.S.C. §§ 1332, 1441, 1446 and 1453 and respectfully states:

1. This action involves allegations regarding the prescription drug VIOXX®. On February 16, 2005, the Judicial Panel on Multidistrict Litigation issued an order transferring 148 VIOXX® products liability cases to the United States District Court for the Eastern District of Louisiana (Fallon, J.) for coordinated pretrial proceedings under 28 U.S.C. § 1407. (*See* Transfer Order from MDL Panel establishing MDL-1657 dated February 16, 2005, attached as Exhibit A hereto.) Merck intends to seek the transfer of this action to that Multidistrict Litigation, *In re VIOXX Products Liability Litigation*, MDL No. 1657, and will shortly provide the MDL Panel notice of this action pursuant to the "tag-along" procedure contained in the MDL Rules.

2. On or about December 13, 2004, plaintiff Carol Green Richardson ("Richardson") commenced a putative class action against Merck by filing a Class Action Petition in the Circuit

Court of Jackson County, Missouri at Independence, bearing Number 04CV235817. Merck removed the case to this court on January 21, 2005 on the basis of diversity jurisdiction, bearing Number 4:05-cv-0570. Richardson moved for remand and Judge Sachs granted Richardson's motion on February 3, 2005. After remand to state court, it was revealed in discovery that Richardson had never purchased VIOXX. On August 3, 2005, plaintiff's counsel sought leave to amend for substitution of a new party-plaintiff, Mary Plubell ("Plubell"). The court granted counsel's motion on August 29, 2005 and plaintiff filed the new petition on September 1, 2005.

3. As more fully set out below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Merck has satisfied the procedural requirements for removal, this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1332, and the addition of Plaintiff Plubell commenced a new action to which the jurisdictional principles of the recently enacted Class Action Fairness Act of 2005 apply.

## I. MERCK HAS SATISFIED THE PROCEDURAL REQUIREMENTS FOR REMOVAL.

4. The First Amended Class Action Petition ("Am. Pet.") was filed on September 1, 2005. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b).

5. Merck is the only defendant to this action.

6. The Circuit Court of Jackson County, Missouri at Independence is located within the Western District of Missouri, Western Division. Therefore, venue is proper pursuant to 28 U.S.C. § 105(b)(1) because it is the "district and division embracing the place where such action is pending." *See* 28 U.S.C. § 1441(a).

7. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings, and orders served upon the defendant, which papers include the summonses and petitions, is attached as Exhibit B. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being served

upon counsel for plaintiff and a copy is being filed with the clerk of the Circuit Court of Jackson County, Missouri at Independence.

## II.  REMOVAL IS PROPER BECAUSE THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441.

8. This case is subject to removal pursuant to the recently enacted Class Action Fairness Act of 2005 ("CAFA").

9. As set forth below, this is a putative class action in which: (1) there are 100 or more members in the plaintiff's proposed class; (2) at least some members of the proposed class have a different citizenship from some defendants; (3) the claims of the proposed class members exceed the sum or value of $5,000,000 in the aggregate; and (4) the action commenced after February 18, 2005. Thus, this court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(d).

### A.  Class Action Consisting Of More Than 100 Members

10. In her complaint, plaintiff purports to represent a class of "all Missouri residents who purchased Vioxx for personal or family use." (Am. Pet. ¶ 40.) Plaintiff alleges that the putative class members "number in the thousands . . . ." (Am. Pet. ¶ 42.)

11. Based on these and other allegations, the aggregate number of class members of all proposed plaintiff classes is obviously greater than 100 for purposes of 28 U.S.C. 1332(d)(5)(B).

### B.  Diversity Of Citizenship

12. Plaintiff Plubell is a citizen of the State of Missouri. (Am. Pet. ¶ 4.) Plaintiff does not allege any alternative state of residence. Accordingly, upon information and belief, Missouri is the state in which plaintiff is domiciled and, therefore, the state of which plaintiff is a citizen.

13. Merck is, and was at the time plaintiff commenced this action, a corporation organized under the laws of the State of New Jersey with its principal place of business at One Merck Drive, White House Station, New Jersey and, therefore, is a citizen of New Jersey for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

14. Thus, at least one proposed class member and one defendant are diverse.

**C.     The Amount-In-Controversy Requirement Is Satisfied.**

15. Plaintiff in this case alleges that Merck denied "the ill health effects associated with Vioxx while at the same time reaping profits obtained through its non-disclosure and concealment." (Am. Pet. ¶ 23.) Plaintiff also alleges that "[d]espite knowledge of the ineffectiveness of the warnings, and despite knowledge that Vioxx may cause serious side effects, Defendant Merck has concealed and/or downplayed the dangers associated with Vioxx." (Am. Pet. ¶ 35.)

16. Plaintiff alleges a claim for relief under the Missouri Merchandising Practices Act, Mo. Ann. Stat. §§ 407.010 *et seq.*, for "unlawful practices including deception, false promises, misrepresentation, and/or the concealment, suppression, or omission of material facts in connection with the sale, distribution or advertisement of Vioxx in violation of Mo. Rev. Stat. § 407.020." (Am. Pet. ¶ 53.) Based on these allegations, plaintiff seeks "a refund of monies paid as a result of their [sic] purchase of Vioxx . . ." and attorneys' fees. (Am. Pet. ¶ 47, Prayer for Relief (c).)

17. The claims of the individual proposed class members in a class action are aggregated to determine if the amount in controversy exceeds the sum or value of $5,000,000. *See* 28 U.S.C. 1332(d)(6). Under this standard, plaintiff's claim easily meets the jurisdictional threshold.

18. Plaintiff in this action seeks, as noted above, a refund for all monies paid by every Missouri citizen who ever purchased VIOXX. (Am. Pet. ¶¶ 40, 47.) Plaintiff further avers that, in 2000 alone, Merck "reaped more than $2 billion in profit . . . and appropriated approximately 23 percent share of the market." (Am. Pet. ¶ 23.) Given the breadth of the proposed class and the nature of the relief sought, the aggregate value of plaintiff's proposed refund would obviously exceed $5,000,000. Thus, the jurisdictional threshold is satisfied.

19. Moreover, CAFA's legislative history makes clear that doubts regarding the maintenance of interstate class actions in state or federal court should be resolved in favor of federal jurisdiction. *See*, *e.g.*, S. REP. 109-14, at 43 (2005) ("Overall, new section 1332(d) is intended to expand substantially federal court jurisdiction over class actions. Its provisions should be read broadly, with a strong preference that interstate class actions should be heard in a federal court if properly removed by any defendant."), *id.* at 35 (the intent of CAFA "is to strongly favor the exercise of federal diversity jurisdiction over class actions with interstate ramifications."), *id.* at 27 ("The Committee believes that the federal courts are the appropriate forum to decide most interstate class actions because these cases usually involve large amounts of money and many plaintiffs, and have significant implications for interstate commerce and national policy.").

20. Finally, plaintiff's assertion that the amount in controversy does not exceed $74,999 (Am. Pet. ¶ 8, Prayer for Relief (b)-(c).) is altogether irrelevant in light of the recent enactment of CAFA, *see* 28 U.S.C. 1332(d)(2), and in any event should be ignored because it is not binding and does not apply to all the forms of relief sought in the Amended Petition.

### D. The Action Commenced After February 18, 2005.

21. The jurisdictional provisions of CAFA apply to the instant action because this action was commenced by plaintiff Plubell after February 18, 2005. *See Hall v. State Farm*, No. 05-72164 (E.D. Mich. Aug. 19, 2005) (slip op. attached as Exhibit C); *see also Heaphy v. State Farm Mut. Auto. Ins. Co.*, 2005 WL 1950244 (W.D. Wash. Aug. 15, 2005).

22. The *Hall* case is directly on point. *Hall* involved a pre-CAFA case in which the plaintiff's counsel amended the complaint after CAFA enactment to add a new named plaintiff. The amended complaint did not include claims on behalf of the original named plaintiff. The Court denied remand, finding that the amended complaint commenced a new cause of action and that the expanded jurisdictional provisions of CAFA therefore applied. *Hall* slip op. at 2.

23. Similarly in *Heaphy*, the defendants removed, under CAFA, a putative class action originally filed in 2001 after plaintiff filed a post-CAFA amended complaint naming a new party-plaintiff. *Id.* at *1. Defendants argued, and the Court agreed, that the claims in the amended complaint constituted fresh litigation for purposes of CAFA. The Court reasoned that because the original plaintiff "had already lost on all of her claims by the time" the amended complaint was filed, any new claims were "necessarily a new action" that did not relate back to the original complaint. *Id.* at *3. Accordingly, the Court determined the amended complaint was new litigation filed after the enactment of CAFA, denied plaintiff's motion to remand, and retained jurisdiction of the case pursuant to CAFA's jurisdictional principles. *Id.* at *5.

24. The same is true here. Plaintiff Plubell was added by way of amended petition subsequent to former plaintiff Richardson's admission that she had never purchased VIOXX. (Plaintiff's Motion for Leave to File First Amended Petition ¶ 3 (attached as Exhibit D).) The Amended Complaint is, therefore, sufficiently independent to constitute "a new piece of

litigation" for purposes of CAFA. *Heaphy*, 2005 WL 1950244, at *5.

WHEREFORE, Defendant Merck respectfully removes this action from the Circuit Court of Jackson County, Missouri at Independence, bearing number 04CV235817, to this Court pursuant to 28 U.S.C. § 1441.

> Respectfully Submitted,
>
> ___/s/ George F. Verschelden_____
> John C. Aisenbrey       MO Bar # 31907
> George F. Verschelden  MO Bar # 55128
> STINSON MORRISON HECKER LLP
> 1201 Walnut, Suite 2800
> Kansas City, Missouri 64108
> Tel:   (816) 842-8600
> Fax:   (816) 691-3495
>
> ATTORNEYS FOR DEFENDANT
> MERCK & CO., INC.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing was electronically served this 12th day of September, 2005 to:

Patrick Stueve
Norman E. Siegel
Todd E. Hilton
Stueve Siegel Hanson Woody LLP
330 W. 47th Street, Suite 250
Kansas City, Missouri 64112

Don M. Downing
Gray, Ritter & Graham, P.C.
701 Market Street, Suite 800
St. Louis, Missouri 63101

ATTORNEYS FOR PLAINTIFF

___/s/ George F. Verschelden_____
Attorney for Defendant Merck & Co., Inc.