IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| MARY PLUBELL, on behalf of herself and all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) Case No. 05-0831-CV-W-HFS ) |
| MERCK & CO., INC., | ) ) |
| Defendant. | ) ) |

**ORDER**

Defendant removed this case to federal court on September 12, 2005 and filed a motion to stay all proceedings in the case pending a transfer decision by the Judicial Panel on Multidistrict Litigation. On September 14, 2005, plaintiff filed a motion to remand the case to state court, as well as a motion to expedite briefing and ruling on her motion to remand. By way of background, this is the third time a version of this case has been before the court. In October 2004, defendant removed the original case to this court; remand was denied, and the court allowed then-plaintiff Carol Richardson to dismiss the case without prejudice. Plaintiff Richardson then filed a second case in state court, which was also removed by defendant; the court remanded that case on February 3, 2005. Recently, the state court permitted plaintiff's attorneys to amend the complaint to substitute current plaintiff Mary Plubell for original plaintiff Richardson. Defendant subsequently removed the case based on the Class Act Fairness Act.

This case involves Vioxx, a drug that defendant manufactured. Earlier this year, an MDL proceeding was established to coordinate product liability cases involving Vioxx. Defendant states that it has notified the MDL panel of the pendency of this action and has requested that it be

transferred to the MDL proceeding as a tag-along case. To that end, defendant has requested that all proceedings in the case be stayed pending the Panel's transfer decision. As noted in the court's prior orders denying a stay of proceedings in earlier versions of this case, the Panel encourages rulings on motions to remand prior to MDL action, and the court will again follow that recommendation. Therefore, the motion to stay will be denied.

Plaintiff has requested an expedited remand briefing schedule, proposing that defendant's response be filed last Friday and that plaintiff's reply be filed on September 19, 2005. Plaintiff argues that an expedited schedule is needed so that the motion to remand can be resolved prior to any MDL transfer order being issued.[1] Defendant opposes the motion, noting that it will be weeks before the any transfer occurs. Because of similar issues in this removal and the previous ones, as well as the court's intent to resolve the motion to remand before any transfer, a somewhat expedited briefing schedule is warranted. Defendant's response to the motion to remand will be due on September 23, 2005. Plaintiff's reply will be due on September 28, 2005. Accordingly, it is hereby

ORDERED that defendant's motion to stay all proceedings (ECF doc. 3) is DENIED. It is further

ORDERED that plaintiff's motion for expedited briefing on the motion to remand (ECF doc. 8) is GRANTED IN PART, in that the court will accelerate the briefing schedule to some extent.

---

[1] In her reply brief, plaintiff raises the additional argument that the case "has made substantial progress on the state court level" and that expedited briefing is necessary to avoid prejudice. Defendant has requested leave to file a surreply addressing this argument. Issues of progress at the state court level are not relevant to the court's decision on plaintiff's request for expedited remand briefing. Therefore, defendant's motion for leave will be denied as moot.

2

Defendant shall file its response to the motion to remand no later than September 23, 2005. Plaintiff shall file any reply in support of her motion no later than September 28, 2005. It is further

ORDERED that defendant's motion for leave (ECF doc. 14) is DENIED as moot.

/s/ Howard F. Sachs
HOWARD F. SACHS
UNITED STATES DISTRICT JUDGE

September 20, 2005

Kansas City, Missouri