IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | | |
|---|---|---|
| MARY PLUBELL, on behalf of herself and all others similarly situated, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Case No. 05-0831-CV-W-HFS |
| MERCK & CO., INC., a New Jersey Corporation, | ) ) ) ) | |
| Defendant. | ) | |

**ORDER**

The motion to remand requires a somewhat hasty ruling in order not to get the case entangled in MDL litigation which is focused in a different direction. Whether sound or unsound, this state law claim may be comparatively simple to litigate independently of the other cases. The parties are familiar with my past rulings on the pertinent issues.

Defendant again urges that I wait for direction from the MDL panel. As previously indicated, it is my understanding that a remand before transfer is the preferred practice, where that issue exists. If a different procedural practice is now endorsed by some judges, as defendant indicates, that should not alter my use of past practice as a guide (absent appellate guidance to the contrary).

I understand that the parties are agreed that this case should be held for MDL handling if it can properly be described as having been "commenced" after February 18, 2005. Plaintiff says this is the same class action that was before me earlier, but with a different person named as an intended class representative. Defendant says the original case, filed last December, died when the earlier

plaintiff, Ms. Richardson, dropped out when it was recognized that she had filed suit in the "mistaken belief that she had taken Vioxx."[1]

Plaintiff contends that the issue of whether the Richardson class action proceeding is alive, but under another name, or whether this case is a new case engrafted on a dead one, was presented to the Circuit Judge when he or she granted leave to amend. It follows, plaintiff claims, that defendant is asking me to second-guess the State Court ruling, allowing an amended petition. I accept that logic, unless there is some over-riding difference between a federal ruling and a Missouri ruling on the procedural issue. I am not persuaded there is such a notable difference.

"Relation back", as required to avoid the change of law that occurred in February, applies in this class action situation, because the claim "arose out of the conduct" complained of in the original pleading. Deficiencies in Ms. Richardson's right to sue defendant as a representative could be treated as uniquely fatal to any right to sue or as being similar to those in other cases cited by the parties. A simple rule lumping together such cases seems preferable to trying to classify various forms of deficiency– some of which, defendant concedes, would not escape a holding of continuity. I can see no compelling reason to create separate classifications.

I have reviewed the contentions of the parties to the extent feasible, given the urgent need for a ruling and other responsibilities.

---

[1] The characterization is that of plaintiff's counsel. Neither party asks me to probe the facts. I do agree with defendant that "permitting counsel to file placeholder suits with the hope of finding proper plaintiffs down the road" might present ethical questions that would require a different result.

The motion to remand is hereby GRANTED, and the Clerk is directed to give effect to the remand five days from the date of this order.  SO ORDERED.

        /s/ Howard F. Sachs
        HOWARD F. SACHS
        UNITED STATES DISTRICT JUDGE

October 20, 2005

Kansas City, Missouri